> **NOT FOR PUBLICATION WITHOUT THE**
> **APPROVAL OF THE APPELLATE DIVISION**
>
> This opinion shall not "constitute precedent or be binding upon any court."
> Although it is posted on the internet, this opinion is binding only on the
> parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1802-15T1

IN THE MATTER OF SEAN LAVIN,
MERCER COUNTY SHERIFF'S
DEPARTMENT.

_____

Submitted January 25, 2018 — Decided July 17, 2018

Before Judges Simonelli, Haas and Gooden
Brown.

On appeal from the Civil Service Commission,
Docket No. 2014-1760.

Fusco & Macaluso Partners, LLC, attorneys for
appellant Sean Lavin (Amie E. DiCola, on the
brief).

Arthur R. Sypek, Jr., Mercer County Counsel,
attorney for respondent Mercer County
Sheriff's Department (Kristina E. Chubenko,
Assistant County Counsel, of counsel and on
the brief).

Gurbir S. Grewal, Attorney General, attorney
for respondent Civil Service Commission
(Valentina M. DiPippo, Deputy Attorney
General, on the statement in lieu of brief).

PER CURIAM

Sean Lavin, a former Mercer County Sheriff's Officer, appeals

from the November 19, 2015 final agency decision of the Civil

Service Commission (Commission), adopting the Administrative Law Judge's (ALJ) initial decision upholding the Mercer County Sheriff's Department's (Department) indefinite suspension of Lavin without pay following the filing of criminal charges against him. We affirm.

On December 12, 2013, while employed as a Mercer County Sheriff's Officer, Lavin was charged in a criminal complaint with two counts of second-degree official misconduct, N.J.S.A. 2C:30-2(a). The complaint arose out of allegations that on December 6, 2013, Lavin pepper sprayed "an arrestee in the face while she was handcuffed behind her back" and subsequently filed a false investigation report in connection with the incident and "attempted to cause subordinate officers" to do the same.

Based on the criminal complaint, on December 12, 2013, the Department issued a Notice of Informal Pre-Termination Hearing (NIPH), charging Lavin with conviction of a crime, N.J.A.C. 4A:2-2.3(a)(5); conduct unbecoming a public employee, N.J.A.C. 4A:2-2.3(a)(6); and other sufficient cause, N.J.A.C. 4A:2-2.3(a)(12), specifically "[i]nappropriate physical contact or mistreatment of a patient, client, resident, or employee." Lavin waived his right to an informal pre-termination hearing.

The following day, the Department served Lavin with a Preliminary Notice of Disciplinary Action (PNDA), incorporating

the charges contained in the NIPH and seeking his removal and immediate indefinite suspension pending resolution of the criminal charges. After Lavin waived his right to a departmental hearing, the Department issued a Final Notice of Disciplinary Action (FNDA), suspending Lavin indefinitely, effective December 13, 2013, pending the resolution of the criminal charges. On January 15, 2014, Lavin filed a timely appeal, which was transmitted to the Office of Administrative Law (AOL) as a contested case on January 24, 2014.

On May 15, 2014, Lavin was indicted by a Mercer County Grand Jury based on the December 6, 2013 incident, and charged with three counts of second-degree official misconduct, N.J.S.A. 2C:30-2(a), and one count of third-degree tampering with public records or information, N.J.S.A. 2C:28-7(a)(1). On October 20, 2014, on Lavin's motion, the indictment was dismissed without prejudice, and on December 10, 2014, Lavin was re-indicted on the same charges.

On February 27, 2015, over Lavin's objection, the Department moved for summary disposition, seeking the dismissal of Lavin's administrative appeal based upon the pending criminal charges, and, at Lavin's request, the ALJ held the record open to allow Lavin to resolve the charges. On October 5, 2015, Lavin was admitted into the Pre-Trial Intervention Program (PTI) for a period

of eighteen months, subject to the condition that he resign from his position as a Mercer County Sheriff's Officer effective October 2, 2015, and not seek future employment with Mercer County.  Lavin resigned his position, effective October 2, 2015,[1] and the ALJ closed the record on October 27, 2015, upon receipt of the PTI order.

In an initial decision issued on October 29, 2015, the ALJ granted the Department's motion for summary disposition. Preliminarily, the ALJ noted that "[a] summary decision motion is the administrative law equivalent of a summary judgment motion" and could be granted where, as here, "there are no 'genuine disputes' of 'material fact.'"[2]  Next, acknowledging that the merits of the underlying charges were not at issue in the appeal, the ALJ determined that, pursuant to N.J.A.C. 4A:2-2.7(a)(1), "[t]he sole issue before [him] [was] whether the public interest would best be served by suspending the employee until disposition of the criminal indictment."  The ALJ concluded the Department had

---

[1]  On November 4, 2016, an order was entered dismissing the indictment upon Lavin's successful completion of the PTI program.

[2]  Under N.J.A.C. 1:1-12.5(b), the standard for a State agency's decision to grant a motion for summary decision is "substantially the same as that governing a motion" for summary judgment by a trial court under Rule 4:46-2.  Contini v. Bd. of Educ. of Newark, 286 N.J. Super. 106, 121 (App. Div. 1995).

presented sufficient evidence to support Lavin's indefinite suspension and recommended dismissal of the appeal.[3]

Thereafter, Lavin filed exceptions to the ALJ's decision. On November 19, 2015, the Commission issued a final decision adopting the ALJ's findings, conclusions, and recommendation, and dismissed the appeal. This appeal followed. On appeal, Lavin presents the following argument for our consideration:

> THE COURT SHOULD REVERSE THE CIVIL SERVICE COMMISSION'S FINAL ADMINISTRATIVE ACTION BECAUSE THE COMMISSION'S DECISION TO SUMMARILY DISPOSE OF SGT. LAVIN'S APPEAL WAS ARBITRARY AND CAPRICIOUS AS IT WAS MANIFESTLY MISTAKEN AND NOT SUPPORTED BY THE RECORD. AS SUCH, SGT. SEAN LAVIN IS ENTITLED TO A FULL HEARING ON THE ISSUE OF WHETHER HE WAS PROPERLY SUSPENDED IN ACCORDANCE WITH [N.J.A.C.] 4A:2-2.7.

Our review of an agency's decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). We "afford[] a 'strong presumption of reasonableness' to an administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014) (quoting City of Newark v. Nat. Res. Council, Dep't of Envtl. Prot., 82 N.J. 530, 539 (1980)). Thus, a reviewing court "should not disturb an administrative agency's determinations or findings unless there is a clear showing

---

[3] The ALJ noted that "[i]f the criminal charges did not result in a forfeiture of office, the [Department] would be required to issue a second [PNDA] specifying the charges" for Lavin's removal.

that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). While "we are not bound by the agency's interpretation of a statute or resolution of a question of law[,]" In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001), nonetheless, the party challenging the agency's action has the burden of proving the action was arbitrary, capricious, or unreasonable. Lavezzi, 219 N.J. at 171.

Lavin argues the ALJ gave no consideration to "whether [he] received a proper departmental hearing, whether the [Department] failed to address the administrative charges after the dismissal of the first indictment, and whether there existed genuine issues of material fact," by virtue of the "varying accounts of what occurred" during the December 6, 2013 incident. As such, Lavin asserts, "the resulting [f]inal [a]dministrative [a]ction is correspondingly defective." We disagree.

N.J.S.A. 11A:2-13 provides for

> the immediate suspension of an employee
> without a hearing if the appointing authority
> determines that the employee is unfit for duty
> or is a hazard to any person if allowed to
> remain on the job or that an immediate
> suspension is necessary to maintain safety,

health, order or effective direction of public services.

Where the "suspension is based on a formal charge of a crime of the first, second or third degree, or a crime of the fourth degree if committed on the job or directly related to the job, the suspension may be immediate and continue until a disposition of the charge." Ibid. N.J.A.C. 4A:2-2.7(a) establishes the following procedures for hearings and suspensions with or without pay:

> When an appointing authority suspends an employee based on a pending criminal complaint or indictment, the employee must be served with a [PNDA]. . . .
>
> > 1. The employee may request a departmental hearing within five days of receipt of the Notice. If no request is made within this time, . . . the appointing authority may then issue [a] [FNDA] under (a)3 below. A hearing shall be limited to the issue of whether the public interest would best be served by suspending the employee until disposition of the criminal complaint or indictment. The standard for determining that issue shall be whether the employee is unfit for duty or is a hazard to any person if permitted to remain on the job, or that an immediate suspension is necessary to maintain safety, health, order, or effective direction of public services.
> >
> > 2. The appointing authority may impose an indefinite suspension to extend beyond six months where an employee is subject to criminal

A-1802-15T1

charges as set forth in N.J.A.C. 4A:2-2.5(a)(2),[4] but not beyond the disposition of the criminal complaint or indictment.

> i. Where an employee who has been indefinitely suspended enters [PTI] . . . , the criminal complaint or indictment shall not be deemed disposed of until completion of PTI . . . .

> . . . .

> 3. Where the appointing authority determines that an indefinite suspension should be imposed, [an] [FNDA] shall be issued stating that the employee has been indefinitely suspended pending disposition of the criminal complaint or indictment.

Here, Lavin does not dispute that "he [was] a member of the Mercer County Sheriff's [Department], and, as such, . . . a law enforcement officer . . . bound to uphold, promote and enforce the laws of the State of New Jersey." Further, it is undisputed that Lavin was charged criminally on December 12, 2013, with second-degree charges related to his job, which charges ultimately caused his resignation on October 2, 2015, and were dismissed on November

---

[4]  Under N.J.A.C. 4A:2-2.5(a)(2), "[a]n employee may be suspended immediately when the employee is formally charged with a crime of the first, second or third degree, or a crime of the fourth degree on the job or directly related to the job."

4, 2016 upon his successful completion of the PTI program. Equally undisputed is the fact that Lavin was suspended pending the disposition of the criminal charges and afforded all the protections enunciated in N.J.A.C. 4A:2-2.7.

Despite Lavin's assertions to the contrary, there were no genuine issues of material fact, and the matter was appropriate for summary disposition. "It is well-established that where no disputed issues of material fact exist, an administrative agency need not hold an evidential hearing in a contested case." Frank v. Ivy Club, 120 N.J. 73, 98 (1990). Lavin has not established that the Commission's determination was arbitrary, capricious, or unreasonable, or that it lacked fair support in the record as a whole. Karins v. City of Atlantic City, 152 N.J. 532, 540 (1998). Thus, the strong presumption of reasonableness attached to a decision of the Commission is warranted in this case. In re Carroll, 339 N.J. Super. at 437.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION